836 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Donald WILLIAMS, Plaintiff-Appellant,
v.
Fred STONE, Bob Jones, John R. Harman, R.E. Panosh,
Defendants-Appellees.
 No. 87-6617.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 30, 1987.
Decided Dec. 22, 1987.
 
 Michael Donald Williams, appellant pro se.
 Before SPROUSE, ERVIN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Donald Williams has brought this action alleging that the defendants, by their actions, have unreasonably placed his life in danger in violation of his constitutional rights. Three of the defendants are federal employees: Fred Stone and Bob Jones work for the Secret Service; John R. Harman is Assistant Secretary of the Department of Treasury. The final defendant, R.E. Panosh, is Assistant District Attorney for Guilford County, North Carolina.
 
 
 2
 Williams alleges that the Secret Service agents have violated his rights because they have refused to protect him from a certain individual who Williams claims is trying to harm him. Williams, who is presently incarcerated in Virginia, also claims that Panosh, the district attorney, is placing his life in danger by attempting to bring him back to North Carolina for prosecution regarding some unspecified criminal matter. Williams feels that even under state custody, he would not be safe from the individual he believes is after him. Williams seeks injunctive relief ordering the Secret Service to provide him with protection and to prevent his return to North Carolina, at least until his safety can be guaranteed.
 
 
 3
 The district court read Williams' complaint as an attempt to bring an action pursuant to 42 U.S.C. Sec. 1983 against the three federal employees and, accordingly, dismissed the claims against them. District of Columbia v. Carter, 409 U.S. 418 (1973). However, we interpret Williams' claims against the federal employees as being brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and, therefore, find it necessary to reach the merits of his claim.
 
 
 4
 This Court has adopted the view that individuals have no constitutional right to be protected from crime and therefore the state's failure to provide this protection is not actionable under Sec. 1983 absent "some special custodial or other relationship[ ] created or assumed by the state in respect of particular persons." Fox v. Custis, 712 F.2d 84, 88 (4th Cir.1983). Though as noted, the Fox case arose from a Sec. 1983 claim, we believe the principle it articulates is equally applicable to a Bivens action.
 
 
 5
 The relief Williams seeks is prospective; he desires the Secret Service to provide protection from the present and future threat posed by a certain individual. Therefore, we need not reach the question whether at some time in the past there existed a "special relationship" between Williams and the Secret Service which might have triggered an affirmative duty to protect. The record is clear that at present no such special relationship exists. Williams is not, in any sense, in the custody of the Secret Service. Because the Secret Service has no duty to protect Williams, its failure to do so does not state a claim under Bivens. Fox, 712 F.2d at 88.
 
 
 6
 We next turn to Williams' Sec. 1983 claim against Panosh. Williams might state a claim if he could show that Panosh intended to place him in a prison where there existed a pervasive risk that he would be harmed by fellow inmates. Withers v. Levine, 615 F.2d 158 (4th Cir.), cert. denied, 449 U.S. 849 (1980). See also Pressly v. Hutto, 816 F.2d 977 (4th Cir.1987). However, Williams has not made this showing. While he has described threats and assaults which have taken place outside prison, he has failed to produce any evidence, beyond his allegation that the man he believes is after him has "influential and dangerous friends," that he would not be safe in the custody of the state. Particularly when injunctive relief is sought, the plaintiff must show the threat of injury is real and immediate. A conjectural or hypothetical threat of injury is insufficient. Los Angeles v. Lyons, 461 U.S. 95 (1983); Buie v. Jones, 717 F.2d 925 (4th Cir.1983).
 
 
 7
 Because Williams has failed to show that Panosh's efforts to return him to North Carolina would expose him to a pervasive risk of harm or a specific known risk of harm, he has failed to show that he has been deprived of a constitutionally guaranteed right. For this reason, the district court correctly dismissed his complaint for failure to state a claim under Sec. 1983. Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979).
 
 
 8
 Finally, we deny Williams' request for appointment of counsel. The issues involved in this appeal are not inordinately complex and Williams has done an adequate job in presenting them. See Whisenant v. Yuam, 739 F.2d 160 (4th Cir.1984).
 
 
 9
 Because the dispositive issues recently have been authoritatively decided, we dispense with oral argument and affirm the judgment of the district court.